IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OREGON IMAGING CENTERS, LLC,                    Civ. No. 6:16-cv-01946-TC
an Oregon limited liability company; and
RADIOLOGY ASSOCIATES, P.C., an                  FINDINGS AND
Oregon limited liability company,               RECOMMENDATION AND
                                                OPINION AND ORDER

        Plaintiffs,

        v.

ADVOCATE RADIOLOGY BILLING AND
REIMBURSEMENT SPECIALISTS, LLC,
An Ohio limited liability company,

        Defendant.

COFFIN, Magistrate Judge:

        Defendant, Advocate Radiology Billing and Reimbursement Specialists, LLC, ("Advocate"), moves this court for an order dismissing with prejudice the third claim for relief in plaintiffs' Complaint Def.'s Mot. to Dismiss (#14) and striking plaintiffs' Supplemental Memorandum in Opposition to Defendant's Motion to Dismiss ("Supplemental Memo") and the

1 – FINDINGS AND RECOMMENDATION AND OPINION AND ORDER

accompanying Declaration by Summer Beagle in Support of Plaintiffs' Supplemental Memo ("Second Beagle Declaration"). Def.'s Mot. to Strike Pls.' Supplemental Mem. in Opp'n to Def.'s Mot. to Dismiss (#25) 2. Having considered the motions and related materials, defendant's Motion to Strike (#25) is granted and defendant's Motion to Dismiss (#14) should be granted in part. Specifically, because it cannot be said that plaintiffs' third claim for relief cannot be cured by additional allegations, dismissal with prejudice is not appropriate and plaintiffs' third claim should be dismissed without prejudice.

## BACKGROUND

Plaintiffs Oregon Imaging Centers, LLC, and Radiology Associates, P.C., are both medical service providers. Pls.' Compl. ¶ 6. Defendant provides patient billing and collection services for medical service providers around the country. Def.'s Mot. to Dismiss 2. On August 24, 2015, plaintiffs entered into nearly identical service agreements (the "Agreements") with defendant. Pls.' Compl. ¶ 5. Pursuant to the Agreements, plaintiffs transmitted their patient accounts to defendant and defendant billed plaintiffs' patients and collected whatever monies were collectible and kept a percentage of the fees collected on the patient accounts as compensation for its services. *Id.* at ¶ 6.

On October 5, 2016, plaintiffs filed a complaint with this court asserting several claims for relief against defendant, including identical claims for breach of fiduciary duty. *Id.* at ¶¶ 23-27; 38-42. Specifically, plaintiffs asserted that defendant owed them a fiduciary duty because defendant "promised and was entrusted" by plaintiffs to "act in [plaintiffs'] best interest in the performance of [its] billing and collection obligations." *Id.* at ¶¶ 23, 38. Plaintiffs further alleged that defendant was entrusted to "exercise its discretion and expertise in the process of billing and collecting from [plaintiffs'] patients, managing [plaintiffs'] patients' concerns,

2 – FINDINGS AND RECOMMENDATION AND OPINION AND ORDER

negotiating and writing off certain balances with [plaintiffs'] patients and accurately and honestly accounting for the proceeds of [plaintiffs'] work." *Id.* On October 28, 2016, defendant moved to dismiss with prejudice the third claims for relief for breach of fiduciary duty from plaintiffs' Complaint. Def.'s Mot. to Dismiss 2.

On January 6, 2017, this court heard oral arguments on defendant's Motion to Dismiss. (#22). On January 9, 2017, plaintiffs filed a Supplemental Memo (#23), as well as the Second Beagle Declaration (#24). On January 10, 2017, defendant moved the court for an order striking plaintiffs' Supplemental Memo and the Second Beagle Declaration. (#25).

## STANDARD OF REVIEW

Where a plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. *Rosen v. Walters,* 719 F.2d 1422, 1424 (9th Cir. 1983). Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011), *cert. denied,* 132 S.Ct. 2101 (2012).

## DISCUSSION

Defendant moves the court for an order dismissing the third claims for relief for breach of fiduciary duty from plaintiffs' Complaint (#14) and striking plaintiffs' Supplemental Memo and

the Second Beagle Declaration.    Def.'s Mot. to Dismiss 2; Def.'s Mot. to Strike Pls.'

Supplemental Mem. 2.

I.    **Preliminary Matters**

Two issues warrant clarification before the court reaches the substantive merits of

defendant's Motion to Dismiss.

### A. Agreement and Request for Proposal

Plaintiffs made multiple references to the Agreements in their Complaint, Pls.' Compl. ¶¶

5, 23, 25, 38, 40, and defendant submitted copies of the Agreements as exhibits to its Answer to

plaintiffs' Complaint, as well as to its Motion to Dismiss.    The Agreements are comprised of

several components including a Service Agreement, Business Associate Agreements, multiple

addendums, plaintiffs' Request for Proposal ("RFP"), and defendant's response to plaintiffs'

RFP.    *See* Pls.' Resp. to Def.'s Mot. to Dismiss 2 (quoting Def.'s Answer, Ex. 1 Section 1.01T

("'[plaintiffs'] RFP, Medical Billing and Collections, and [defendant's] response to said RFP,

along with all related attachments, are addended to this Agreement.'").    Additionally, both

parties quoted Section 16.A of the RFP in their briefings. Pls.' Resp. to Def.'s Mot. to Dismiss

2-3; Def.'s Reply in Supp. of Mot. to Dismiss 8; Decl. of Summer Beagle in Resp. to Mot. to

Dismiss ("First Beagle Declaration") ¶ 4.    Finally, the parties do not contest the validity or

authenticity of the Agreement or the RFP as referenced, attached, and quoted throughout both

parties' various filings with this court.

"Generally, a court may not consider material beyond the complaint in ruling on a Fed.

R. Civ. P. 12(b)(6) motion." *Intri-Pix Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048,

1052 (9th Cir. 2007).    However, "while district courts generally may not consider any material

beyond the pleadings in ruling on a Rule 12(b)(6) motion, they may take judicial notice of

documents referenced in the complaint, pleadings from other relevant proceedings, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment." *Elizabeth Retail Properties, LLC, v. KeyBank Nat. Ass'n*, 83 F. Supp. 3d 972, 984 (D.Or. 2015). Moreover, the Ninth Circuit has "extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question, and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

Here, the Agreements defendant submitted as attachments to its Answer to Plaintiffs' Complaint and its Motion to Dismiss were repeatedly referenced and relied upon in plaintiffs' Complaint and the parties do not contest the relevance or authenticity of these Agreements. As such, this court takes judicial notice of the Agreements. *Elizabeth Retail Properties, LLC*, 83 F. Supp. 3d at 984. Similarly, the parties do not contest the relevance or authenticity of Section 16.A of the RFP, which is addended to the Agreement and is quoted throughout both parties' various filings with this court. Accordingly, this court takes judicial notice of Section 16.A from the RFP as well. *Id.*

### B. Plaintiffs' Supplemental Memo and the Second Beagle Declaration

Plaintiffs filed a Supplemental Memo and the Second Beagle Declaration one business day after this court heard oral arguments on defendant's Motion to Dismiss. Defendant moves to strike plaintiffs' Supplemental Memo and the Second Beagle Declaration because "the singular purpose of the Supplemental Memo is to inject the extrinsic Declaration into the court's consideration of the sufficiency of the Complaint." Def.'s Mot. to Strike 2.

///

Here, plaintiffs' Complaint does not rely on the Second Beagle Declaration and the contents of the Declaration and the Supplemental Memo are not alleged in the Complaint. As such, defendant's Motion to Strike Plaintiffs' Supplemental Memo and the Second Beagle Declaration is granted and this court does not consider these documents. *Coto Settlement*, 593 F.3d at 1038.

## II.    Defendant's Motion to Dismiss

Defendant argues that plaintiffs' third claims for breach of fiduciary duty fail as a matter of law and should be dismissed with prejudice because the Agreements and incorporated RFP establish that its relationship with plaintiffs was that of an arms-length contractor and because "the parties' relationship begins and ends with the Agreements," plaintiffs' claims fail to demonstrate that it was owed a fiduciary duty. Def.'s Mot. to Dismiss 2; Def.'s Reply 2, 8. Defendant further argues that "the parties agreed [it] would not have complete discretion to manage any part of the plaintiffs' business" and "the absence of independent judgment and discretion is a defining sign that there was no special relationship between these parties." Def.'s Reply in Supp. of Mot. to Dismiss 8.

In support of these arguments, defendant cites Section 16.A of the RFP, which states that the "[p]roposer shall understand it is operating as the Billing Department of [plaintiffs] and it is therefore bound to comply with all payer obligations, both contractual and legal, to which [plaintiffs] are bound." *Id.* Defendant also cites Section 13.11 of the Agreements, which state that:

> [Defendant] is retained to perform the services described in this Agreement as an independent contractor and the relationship between them is strictly that of service recipient and independent contractor. Nothing in this agreement shall be construed to create an employer-employee, principal-agent, or master-servant relationship between the parties.

6 – FINDINGS AND RECOMMENDATION AND OPINION AND ORDER

Def.'s Mot. to Dismiss 3; Def.'s Reply 5.

Plaintiffs argue that dismissal of their third claims is not appropriate because the court must consider all aspects of the parties' relationship to determine whether a fiduciary duty is owed, including examining evidence that is not presently before the court. Pls.' Resp. 2. Moreover, plaintiffs argue that even if defendant's motion could be decided without reviewing all pertinent evidence, the parties' Agreements are ambiguous as to a fiduciary relationship and, therefore, cannot be construed as a matter of law in defendant's favor. *Id.* at 6. Finally, plaintiffs argue that if this court finds that its third claims should be dismissed, the claims should not be dismissed with prejudice because any defects in the specificity of its complaint can be cured by additional allegations. *Id.* at 9.

To state a cause of action for breach of fiduciary duty, plaintiffs must first prove that a "'special relationship'" existed between plaintiffs and defendant independent of the Agreements. *Bennett v. Farmers Ins. Co. of Oregon*, 332 Or. 138, 159 (2001) (quoting *Conway v. Pacific University*, 324 Or. 231, 237 (1996)). The characteristic that makes a relationship "special" is "the same characteristic found in 'situations in which one party has hired the other in a professional capacity, as well as in principal-agent and other similar relationships.'" *Id.* at 161 (quoting *Conway*, 324 Or. at 241). "For example, lawyers owe their clients a duty to exercise reasonable care, as do physicians towards their patients." *Conway*, 324 Or. at 240 (internal citations omitted). Further, "if a contract between a professional and a client incorporates a general standard of skill or care to which the professional would be bound, independent of the contract, the professional may be liable in tort." *Id.* (citing *Bales for Food v. Poole*, 246 Or. 253, 255-56 (1967) (referencing professional engineers); *Ashley v. Fletcher*, 275 Or. 405, 406 (1976) (referencing professional architects)).

7 – FINDINGS AND RECOMMENDATION AND OPINION AND ORDER

Other types of relationships also may carry a heightened duty of care. For example, "agents in a principal-agent relationship have a duty to act with due care and in their principals' interests," "trustees also owe a heightened duty to act in the best interests of their beneficiaries, as well as a duty to act in good faith," "[p]ledgees exercising a power of sale, shippers, and bailors also must exercise due care in behalf of their pledgors and customers," and "a liability insurer who undertakes a duty to defend owes its insured a duty of care that exists independent of the insurance contract, because the insured effectively relinquishes control over the defense to the insurer and places the insured's potential monetary liability in the insurer's hands." *Id.* at 239-40. "In all those relationships, one party has authorized the other to exercise independent judgment on his or her behalf and, consequently, the party who owes the duty has a special responsibility to administer, oversee, or otherwise take care of certain affairs belonging to the other party." *Id.* (quoting *Conway*, Or. 231 at 241).

The fundamental focus of the inquiry in "special relationship" cases, however, is "not on the subject matter of the relationship, such as one party's financial future; nor is it on whether one party, in fact, relinquished control to the other. The focus instead is on whether the *nature of the parties' relationship itself* allowed one party to exercise control in the first party's best interests." *Id.* In other words, "the law does not imply a tort duty simply because one party to a business relationship begins to dominate and to control the other party's financial future," "[r]ather, the law implies a tort duty only when that relationship is of the type that, by its nature, allows one party to exercise judgment on the other party's behalf." *Id.* (quoting *Conway*, Or. 231 at 241) (emphasis in original). "All aspects of the relationship between the parties" must be examined to determine whether one had a special responsibility toward the other. *Id.* at 162. If a

contract exists, the court "may examine that contract to determine the type of relationship between the parties." *Id.*

Here, the nature of the parties' relationship was defined by the Agreements. Specifically, Section 13.06 of the Agreements state that "this Agreement contains the entire agreement for the services contemplated between the parties . . . [and] specifically supersedes any prior written or oral agreements between the parties relating to the provisions of the services." Def.'s Mot. to Dismiss, Exs. 1-2 at 11. As such, this court examines the Agreements to determine the relationship of the parties. *Conway*, Or. 231 at 241.

Section 13.11 of the Agreements unambiguously states that the relationship between the parties is strictly that of a service recipient and independent contractor and further states that the parties' relationship is "not of an employer-employee, principle-agent, or master-servant." Def.'s Mot. to Dismiss, Exs. 1-2 at 12. Moreover, Section 1.01 of the Agreements specifically provides that defendant would collect on plaintiffs' behalf, reimbursement for plaintiffs' charges for all medical services rendered "in a manner consistent with the contracts and Agreements between [plaintiffs] and payors, [plaintiffs'] billing policies, and the policies and procedures of third-party payors." *Id.* at 1. Finally, the RFP makes clear that defendant is bound to comply with all payor obligations, both contractual and legal, to which plaintiffs are bound.

Accordingly, nothing about the parties' relationship as defined in the Agreements, including the RFP, suggests that plaintiffs would relinquish control over their business or that defendant would exercise independent judgment on plaintiffs' behalf. *Bennett*, 332 Or at 159; *Conway*, 324 Or. at 237. To the contrary, pursuant to the Agreements, defendant was obligated to collect monies owed to plaintiffs in a manner consistent with plaintiffs' policies and procedures, as well as with the contracts, policies, and procedures plaintiffs had with third-party

9 – FINDINGS AND RECOMMENDATION AND OPINION AND ORDER

payors. Moreover, plaintiffs have failed to plead facts or supply precedent sufficient to establish that their relationship with defendant was tantamount to that of professional and a client, thereby triggering a general standard of skill or care to which the defendant would be bound independent of the contract, such as the duty a lawyer owes to a client or a physician owes a patient. *Conway*, 324 Or. at 240. Accordingly, the parties were not in a "special relationship," and defendant did not owe plaintiffs a special fiduciary duty.

As such defendant's Motion to Dismiss plaintiffs' third claim should be granted in part. However, because it cannot be said that plaintiffs' third claim cannot be cured by additional allegations, dismissal with prejudice is not appropriate. *See In re Broderbund/Learning Co. Sec. Litig.*, 294 F.3d 1201, 1203 (9th Cir. 2002) ("[A] dismissal without leave to amend is not appropriate unless the district court determines that the pleading could not possibly be cured by the allegation of other facts."). Therefore, plaintiffs' third claim for relief should be dismissed without prejudice.

## CONCLUSION

For the reasons stated above, it is ordered that defendant's Motion to Strike (#25) is granted and the court finds and recommends that defendant's Motion to Dismiss (#14) should be granted in part. Specifically, because it cannot be said that plaintiffs' third claim cannot be cured by additional allegations, dismissal with prejudice is not appropriate and plaintiffs' third claim for relief should be dismissed without prejudice.

## SCHEDULING ORDER

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. The Findings and Recommendation will be referred to a district judge. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be

filed until entry of the district court's judgment of appealable order. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this **23** day of January, 2017.

THOMAS M. COFFIN
United States Magistrate Judge

11 – FINDINGS AND RECOMMENDATION AND OPINION AND ORDER